STEUBEN COUNTY.—HON. GEORGE T. SPENCER, SURROGATE.—
JANUARY, 1874.

## STEWART'S WILL.

*In the matter of the probate of the Last Will and Testament
of* ANDREW STEWART, *deceased.*

Testimony of one of the subscribing witnesses to the will; corroborated
that before the witnesses signed, the testator answered in the affirm-
ative to an inquiry whether the instrument which he had subscribed
was his last will, and testament. *Held*, sufficient evidence of publi-
cation prior to attestation, though contradicted by the other wit-
ness.

It appeared that the testator had declared to the draftsman that he had
selected such persons who in fact became witnesses, for that purpose
and had requested them to be sent for ; and after he subscribed, they
were directed to sign, the testator moving away from the table where
he had signed while they were looking on. There was also evi-
dence of prior publication. *Held*, that these circumstances sufficient-
ly proved request.

The reading of the attestation clause, in testator's presence, even after
it has been signed by the witnesses, is sufficient evidence of his re-
quest to sign, recited in it.[*]

THIS was an application for the probate of the last
will and testament of Andrew Stewart, deceased. The
will related to both real and personal property. Its
admission to probate was contested on two grounds:

---

[*] As to sufficiency of evidence of publication and request, compare
*Thompson v. Stevens* (62 *N Y.*, 634).

first, that it was not duly executed, and second, that the will was procured by undue influence.

G. H. McMASTER, *for the proponent.*

A. J. McCALL, *for the contestants.*

THE SURROGATE.—As to the second ground of contest the proof falls entirely short of establishing any undue, or indeed, any influence inducing the dispositions made by the will, other than the promptings of the testator's own feelings and judgment. This branch of the case, therefore, may be dismissed without further consideration.

The objection to the sufficiency of the proof of execution of the will requires more consideration.

The alleged defects in the proof, are that there was no publication and no request to the subscribing witness.

The first defect is founded on the assumption, that the declaration of the testator that the instrument was his will was not make till after the same was signed by the witnesses. This assumption, however, is unfounded. The witness, M. Chesney, says, that the draftsman of the will enquired of the testator if that was his last will and testament, to which the latter answered, that it was, and that this was before he and the other witness signed. The draftsman also testifies to his impression to the same effect. To this is opposed the recollection of Lane, the other subscribing witness. The weight of evidence is in favor of the conclusion, that the declaration was made before the witness signed. The signing by the testator was certainly first, and if to this is added the formal attestation subscribed by the witnesses, stating the fact of due publication, the preponderance of evidence in this respect is quite decisive.

There was certainly no express request by the testa-

tor to the subscribing witnesses personally, but it has often been held that such request may be implied from the acts and conduct of the parties and surrounding cirsumstances. (*Peck* v. *Cary* 27 *N. Y.* 9 ; *Gilbert* v. *Knox* 52 *N. Y.* 125.) In this case the testator declared to the draftsman who prepared the will, that he had selected the persons who in fact became witnesses to the same, for that purpose, and requested to have them sent for. They were sent for in pursuance of the request; after the testator had signed, the witnesses were also directed to sign, the testator moving away from the table, when he had signed, while they were looking on. If he had before, in answer to the question put to him, acknowledged the paper as his will, there can be little doubt that they understood him as desiring them to witness it as such, and that he intended to be so understood.

I am further of the opinion, that the reading of the attestation clause signed by the witnesses, stating that they subscribed by request of the testator in his presence, without objection from him, may be regarded as an adoption of a request to that effect, though, subsequent to the signing by them. This view is not opposed to *Jackson* v. *Jackson*, (39 *N. Y.* 153.) The will must be admitted to probate.

Decree accordingly.